KERNEL v. THE NATIONAL LIFE AND ACCIDENT INSURANCE COMPANY.

[No. 15,787. Filed January 26, 1938. Rehearing denied March 10, 1938. Transfer denied April 5, 1938.]

*Walter O. Lewis* and *Royal A. Nicholas*, for appellant.
*John F. Linder* and *Carl Seet*, for appellee.

KIME, J.—This action is before us on an amended complaint in one paragraph on an insurance policy, a copy of which is attached to the complaint as an exhibit. To this amended complaint the appellee demurred. Upon the demurrer being sustained the appellant elected to stand on the amended complaint and the court entered a finding and judgment for the appellee. It is from this judgment that the appeal is perfected, the error assigned being that the court erred in sustaining the demurrer.

The original complaint herein was filed September 3, 1935. This was later amended and as amended alleged in substance that the appellee was a foreign insurance company doing business in Indiana and that on May 8, 1933, it issued a $255.00 policy to the appellant's then husband in consideration of the payment of 25¢ per week. That the policy holder died July 12, 1933, from a cause covered by the policy; that at the time of the issuance of the policy and at the insured's death she was his wife and the beneficiary named in such policy; that all of the conditions were performed, the specific allegation of such performance being that "said Earl E. Jeffries and this plaintiff have duly performed all the conditions of said policy on their part to be by them performed."

Appellant further alleged that she had since remarried and that she had within the time fixed by the policy notified the insurer of the death of the insured and made proofs of death and demanded payment of the amount

due under said policy, which was refused and that no part of said sum had been paid.

The appellee's demurrer averred that the amended complaint did not allege facts sufficient to constitute a cause of action and the memorandum attached to the demurrer contained two specifications: (1) that the allegation of performance was not sufficient; and (2) that the policy provides that no suit shall be brought under the policy after two years from the time when the right of action accrued unless it is expressly provided otherwise by the laws of the state in which the contract was entered into; that the Acts of 1909, ch. 6, p. 247, at page 254, provides that no policy of life insurance shall be issued or delivered in this state by a life insurance company organized under the laws of this state if it contains any of the following provisions: "1. Limiting the time within which any action in law or in equity may be commenced to less than three years after the cause of action shall accrue" and that since the Acts of 1909 specifically exempts industrial policies there is no law expressly prohibiting the limiting of this time in industrial policies.

As to the first specification of the demurrer the appellant alleged generally that all of the conditions of the contract or policy had been performed. The Act of 1881[1] provides that "In pleading the performance of a condition precedent in a contract it shall be sufficient to *allege generally* that the party performed all of the conditions on his part. If the allegation be denied the facts showing a performance must be proved on the trial." The plaintiff here has *alleged generally the performance of all conditions* which is sufficient to present a prima facie case. If the appellee denied this in its answer the appellant would then be

---

1. Acts 1881 (Spec. Sess.), ch. 38, §120, p. 240, entitled "An Act Concerning proceedings in civil cases."

put to her proof. In the absence of a motion to make more specific this allegation is sufficient to *allege generally* the performance of conditions precedent.

As to the second specification of the demurrer may we call attention to the fact that the Acts of 1865[2] govern the situation here. This was an act regulating foreign insurance companies doing business in this state and, so far as the provision we are concerned with, was in force at the time the policy herein was issued. This act provides that "No insurance company shall insert any condition, in any policy hereafter issued, . . . (containing a) condition or agreement not to sue for a period less than three years." This act was amended in 1903 but such amendment does not affect the situation presented here. In 1909 the Act of 1903 was amended as was an Act of 1899. The Act of 1899[3] was an act for the incorporation of life insurance companies and defining their powers, prescribing their duties and duties of certain officers.

In addition to the amendments the title of the Act of 1909 contains the following: "also adding supplemental sections to said act relating to the transaction of the business of life insurance in the State of Indiana, regulating the conditions and provisions of policies of life insurance companies organized under the laws of this state or doing business therein, and declaring an emergency."

2. "An Act regulating foreign insurance companies, doing business in this State, prescribing the duties of the agents thereof, and of the Auditor of State in connection therewith, and providing Penalties for the violation of the Provisions of this Act." Acts 1865, ch. 15, p. 105. Acts of 1935, p. 588, being "An Act Concerning Insurance and Declaring an Emergency," at p. 70 specifically repeals the act approved Dec. 21, 1865.

3. "An Act for the incorporation of life insurance companies on either the stock or the mutual plan, defining their powers and prescribing their duties and the duties of certain officers in connection therewith, providing penalties for the violation of this act and declaring an emergency." Ch. 28, p. 30, Acts 1899.

It is the appellee's contention that the Act of 1909 applies to the situation herein, contending that the Act of 1909 by implication repeals the Act of 1865. Section 11 of the Act of 1909 does provide that all acts or parts of acts inconsistent with its provisions are thereby repealed, but there is nothing inconsistent in the provisions of the Acts of 1909 with the provisions above quoted of the Acts of 1865. From the allegations of the complaint that the insured paid twenty-five cents per week for this policy it is apparent that it was an industrial policy. From the acts as quoted it is clear that the agreement not to sue for a period less than three years was invalid in an industrial policy.

The judgment of the Marion Municipal Court is reversed with instructions to overrule appellee's demurrer.